IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-00669-PAB-KMT

NINA H. KAZAZIAN,

    Plaintiff,

v.

EMERGENCY SERVICE PHYSICIANS, P.C., et al.

    Defendants.

**ORDER**

This matter is before the Court on Defendants Kennedy Childs, P.C. and Daniel McCune, Esq.'s Motion for Attorneys' Fees Pursuant to Colo. Rev. Stat. § 13-17-102 and 28 U.S.C. § 1927 [Docket No. 71] filed by defendants Kennedy Childs, P.C. and Daniel McCune, Esq. (collectively "Kennedy Childs") and Defendants Laura E. Shapiro and Law Offices of Laura E. Shapiro P.C.'s Motion for Attorney Fees Pursuant to § 13-17-102, C.R.S. and 28 U.S.C. § 1927 [Docket No. 72] filed by defendants Laura E. Shapiro and the Law Offices of Laura E. Shapiro P.C. (collectively the "Shapiro defendants").[1]

**I. BACKGROUND**

On July 29, 2011, a divorce decree was entered in a divorce proceeding between plaintiff Nina Kazazian and her then-husband, defendant Michael Stackpool,

---

[1]References to "defendants" in this order, unless otherwise indicated, are to Kennedy Childs and the Shapiro defendants collectively.

M.D. Docket No. 31 at 8, ¶ 34. The Shapiro defendants represented Dr. Stackpool in the divorce proceeding and continue to represent Dr. Stackpool in post-decree proceedings and appeals. Docket No. 72 at 2. On December 17, 2012, plaintiff filed suit against the Shapiro defendants in the District Court for the County of Eagle, Colorado (the "state court suit") and brought various tort claims for abuse of process, misappropriation of confidential information, tortious interference with business opportunities, defamation, civil theft, obstruction of justice, and harassment and stalking.[2] Docket No. 72-1 at 1. Plaintiff is a licensed attorney with more than 20 years of experience who represented herself in the state court suit.[3] See Docket No. 77-3 at 1-2, ¶¶ 2-3. The Shapiro defendants retained defendant Kennedy Childs to represent them in the state court suit. Docket No. 72 at 2. The Shapiro defendants admit that they provided Kennedy Childs with information from the divorce proceeding for the purpose of preparing a defense to the state court suit. Id. The Shapiro defendants claim that plaintiff demanded that they withdraw from representing Dr. Stackpool and threatened Kennedy Childs with a lawsuit. Docket No. 72 at 2. On January 8, 2013, plaintiff voluntarily dismissed the state court suit without prejudice. Docket No. 72-2.

On March 13, 2013, plaintiff filed the instant case against ten named defendants.

---

[2]Contrary to plaintiff's argument, the Court finds that the existence of the underlying divorce action and the state court suit provide necessary context.

[3]Plaintiff's amended complaint states that her previous occupation was "children's ski instructor" – a misleading statement. Docket No. 31 at 2, ¶ 4. Plaintiff's affidavit, filed in opposition to the instant motions, reveals that plaintiff graduated from Boston University School of Law in 1992 and, up until 2005, practiced commercial litigation and employment law with several "large" law firms in Denver and New York City. Docket No. 77-3 at 1-2, ¶¶ 2-4. In May 2005, she founded Kazazian & Associates, LLC in 2005, where she is the managing partner. Id.

Docket No. 1 at 1.  On April 29, 2013, plaintiff filed an amended complaint, adding Dr. Stackpool and Kennedy Childs (and Mr. McCune) as defendants.  Docket No. 31. Plaintiff's amended complaint alleged that Dr. Stackpool, his company, and related parties had violated the Employee Retirement Income Security Act of 1974 ("ERISA) by diverting and misappropriating funds from plan benefits and by breaching fiduciary duties to the plan and beneficiaries, and by refusing to provide plaintiff with COBRA health insurance coverage.  *Id.* at 11-15.  Plaintiff brought the following state law claims against various defendants: Count III – Fraud; Count V – Breach of Fiduciary Duty; Count VIII – Failure to Supervise/Aiding and Abetting Fiduciary Breach; Count X – Abuse of Process; Count XI – Misappropriation of Confidential Information and Violations of Right to Privacy; Count XIII – Defamation; Count XIV – Civil Theft; Count XV – Breach of Fiduciary Duty (Stackpool) – Count XVI – Breach of Fiduciary Duty (Shapiro); Count XVII – Aiding and Abetting Breaches of Fiduciary Duty (Shapiro, Hulet, Jeffrey, Esp, ADP, Johnson, Rooks, McCune, and Childs).  *Id.* at 15-29.  On May 19, 2013, plaintiff deleted her defamation claim, Docket No. 60 at 1.  On May 20, 2013, plaintiff deleted Counts XI, XII, XIV, XVI, and XVII.  Docket No. 63.  On May 22, 2013, the day that defendants were due to respond to the amended complaint, plaintiff voluntarily dismissed the case without prejudice.  Docket No. 67.

Defendants filed motions seeking attorneys' fees, arguing that plaintiff's claims were frivolous and brought in bad faith.  *See generally* Docket No. 71; Docket No. 72.[4]

---

[4]Neither party has requested a hearing concerning an award of attorneys' fees; thus, the Court finds that both sides have waived their right to a hearing.  *See Consumer Crusade, Inc. v. Clarion Mortg. Capital, Inc.*, 197 P.3d 285, 291 (Colo. App. 2008).

## II. ANALYSIS

"'Our basic point of reference' when considering the award of attorney's fees is the bedrock principle known as the 'American Rule': Each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 252-53 (2010) (internal quotation marks omitted). Defendants seek attorneys' fees pursuant to two statutes: 28 U.S.C. § 1927 and Colo. Rev. Stat § 13-17-102.[5]

### A.  28 U.S.C. § 1927

Defendants argue that they are entitled to an award of fees based upon 28 U.S.C. § 1927, which provides:

> Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

*Id.* "An attorney's actions are considered vexatious and unreasonable under § 1927 if the attorney acted in bad faith," *Dreiling v. Peugeot Motors of America, Inc.*, 768 F.2d 1159, 1165 (10th Cir. 1985), or if the attorney's conduct constitutes a "reckless disregard of the duty owed by counsel to the court." *Braley v. Campbell*, 832 F.2d 1504, 1511-12 (10th Cir. 1987). Sanctions under § 1927 are also appropriate when "an attorney is cavalier or bent on misleading the court; intentionally acts without a plausible basis; [or] when the entire course of proceedings was unwarranted." *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1342 (10th Cir. 1998) (internal quotations and citations

---

[5]The Shapiro defendants adopted the arguments advanced in Kennedy Childs' motion. Docket No. 72 at 7. Accordingly, the Court finds that it is appropriate to resolve both defendants' motions.

omitted). However, the complaint "that gives birth to the proceedings" is excluded from § 1927 because "it is not possible to multiply proceedings until *after* those proceedings have begun." *Steinert v. Winn Grp., Inc.*, 440 F.3d 1214, 1225 (10th Cir. 2006).

Defendants' citation of *Steinert* does not support their argument that plaintiff's amended complaint was an unnecessary multiplication of proceedings. Docket No. 80 at 6-7. In *Steinert*, the plaintiff brought a 42 U.S.C. § 1983 claim and two § 1985 claims. 440 F.3d at 1225. With respect to the plaintiff's § 1983 claim, the court held that, where the plaintiff acquiesced in the defendant's attempt to dismiss the claim, "we cannot say that [plaintiff] multiplied the proceedings after pleading this claim in the complaint." *Id.* However, the plaintiff opposed the dismissal of his § 1985 claims and moved to amend/add parties, both of which required defendant to respond. *Id.* Unlike *Steinert*, here plaintiff amended her complaint under Fed. R. Civ. P. 15 as a matter of course and dismissed the case before defendants filed a motion to dismiss or were otherwise required to respond to plaintiff's claims.

Defendants argue that plaintiff multiplied the proceedings by sending unnecessary emails, attempting to schedule individual Rule 26(f) conferences with each defense counsel, and filing a motion for an emergency protective order [Docket No. 56]. Docket No. 72 at 12. Defendants do not provide any authority indicating that unnecessary emails and difficulty scheduling a Rule 26(f) conference rises to the level of sanctionable conduct under § 1927. Although plaintiff's motion for an emergency protective order sought sanctions against defendants, it appears to be the only significant motion plaintiff filed necessitating a response from defendants. Defendants

are critical of plaintiff's strategic decision to file such a motion, but this, by itself, is insufficient to compel the conclusion that sanctions are warranted. The Court finds that defendants have failed to show that plaintiff unreasonably multiplied the proceedings or otherwise acted in bad faith so as to justify an award of sanctions pursuant to 28 U.S.C. § 1927.

### B. Colo. Rev. Stat. § 13-17-102

Plaintiff argues that Fed. R. Civ. P. 11(c)(2) preempts Colo. Rev. Stat. § 13-17-102 because Rule 11 requires that a party seeking sanctions serve its motion on the opposing party 21 days before filing. Docket No. 78 at 8. Defendants do not dispute that they failed to serve a copy of their motions for attorneys' fees on plaintiff 21 days before filing them, thereby providing plaintiff a safe harbor during which time she could have dismissed her case without fear of sanctions under Rule 11. Rather, defendants state that they are not seeking sanctions pursuant to Rule 11 and, because the purpose of Rule 11 is different from the purpose of § 13-17-102, Rule 11 should not act to preempt the state remedy. Docket No. 80 at 5.

"[T]he 'first analytical step' in an *Erie* case 'is to determine whether [a state] statute collides with any federal procedural rule.'" *Scottsdale Ins. Co. v. Tolliver*, 636 F.3d 1273, 1276 (10th Cir. 2011) (quoting *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1539 (10th Cir. 1996)). A court must determine whether the scope of the Federal Rule "is sufficiently broad to cause a direct collision with the state law or, implicitly, to control the issue before the court." *Id.* at 1277. "In such a case, . . . we must apply the Federal Rule." *Id.*; *McCoy v. West*, 965 F. Supp 34, 35-36 (D. Colo.

1997) ("When a matter is covered by a Federal Rule, a federal court need not perform a full *Erie* analysis to determine whether the matter is substantive or procedural.").[6]

Both Rule 11 and § 13-17-102 allow sanctions against a party who has brought frivolous or groundless claims. *McCoy*, 965 F. Supp at 36. "[T]he central purpose of Rule 11 is to deter baseless filings in district court . . . [and] any interpretation must give effect to the Rule's central goal of deterrence." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). Colorado courts characterize § 13-17-102 as a sanction, rather than a substantive right. *See City of Aurora ex rel. Utility Enterprise v. Colo. State Engineer*, 105 P.3d 595, 618 (Colo. 2005) ("An award of attorney fees [under § 13-17-102] is an important sanction against an attorney or party who improperly instigates or prolongs litigation."). However, under Rule 11's "safe harbor" provision, a motion for sanctions "must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2). Rule 11's safe harbor provision is intended to allow the sanctioning of a party only if the party "refuses to withdraw that position or to acknowledge candidly that it does not currently have evidence to support a specified allegation." Fed. R. Civ. P. 11, advisory committee notes, 1993 Amendments. The

---

[6]Attorneys' fees statutes can be substantive or procedural. *Tolliver*, 636 F.3d at 1279. "Substantive fees are those which are 'tied to the outcome of the litigation,' whereas procedural fees are generally based on a litigant's 'bad faith conduct in litigation.'" *Id.* at 1279 (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 52-53 (1991)). If the statute "governs only the manner and means by which the litigants' rights are enforced, the rule is procedural." *Id.* at 1280 (internal quotation marks omitted). Section § 13-17-102 is not tied to the outcome of the litigation. *See* § 13-17-102(2).

requirement is designed to "'protect[] litigants from sanctions whenever possible in order to mitigate Rule 11's chilling effects, formaliz[e] procedural due process considerations such as notice for the protection of the party accused of sanctionable behavior, and encourag[e] the withdrawal of papers that violate the rule without involving the district court . . . .'" *Roth v. Green*, 466 F.3d 1179, 1192 (10th Cir. 2006) (quoting 5A Charles Alan Wright et al., *Federal Practice & Procedure* § 1337.2, at 722 (3d ed. 2004)).  The Colorado statute contains no such provision.  *See* § 13-17-102.

The question then becomes whether the safe harbor provision of Rule 11 causes a conflict between Rule 11 and the state statute.  The Tenth Circuit has held that a party may not file a motion for sanctions under Rule 11 after a case has been dismissed.  *AeroTech, Inc. v. Estes*, 110 F.3d 1523, 1528 (10th Cir. 1997) ("Because Vernon Estes did not move for Rule 11 sanctions until after AeroTech had moved to dismiss its claims against him, we agree with the magistrate's conclusion that Rule 11's cure provision prevents Vernon Estes from seeking sanctions."); *Roth*, 466 F.3d at 1193 ("[S]ervice of a sanctions motion after the district court has dismissed the claim or entered judgment prevents giving effect to the safe harbor provision or the policies and procedural protections it provides, and it will be rejected." (internal quotation marks omitted)).  Here, plaintiff served the Shapiro defendants on March 22, 2013, Docket No. 15, and Kennedy Childs on May 1, 2013.  Docket No. 38.  The Shapiro defendants could have served a motion for attorneys' fees on plaintiff 21 days before responsive pleadings were due on May 22, 2013.  Kennedy Childs may not have had 21 days before the deadline for responsive pleadings in which to serve a draft of its attorneys' fees motion, but, on the other hand, Kennedy Childs did not serve a copy of its motion

on plaintiff at any time before filing it with the Court. *See Martinson v. Prof'l Bureau of Collections of Md., Inc.*, No. 09-cv-02145-MSK-BNB, 2010 WL 3777282, at *3 (D. Colo. Sep. 21, 2010) ("[Section 13-17-102] does not contain a "safe harbor" provision and therefore is inconsistent with Rule 11. Accordingly it is Rule 11 that is applied here. The Plaintiff dismissed the action prior to the filing of the subject motion for attorney fees . . . but it does not reflect service of the [motion] prior to the Plaintiff's voluntary dismissal."); *Kinney v. Cnty. of Hennepin*, 2002 WL 31163092, at *3 (D. Minn. Sep. 25, 2002) (reasoning that the granting Rule 11 sanctions after voluntary dismissal of case would defeat the purpose of safe harbor provision because "there is no pleading or contention left to be withdrawn." (internal quotation marks omitted)).

Courts in this district have found Rule 11's safe harbor provision to be in direct conflict with § 13-17-102.[7] *See Martinson*, 2010 WL 3777282, at *3; *Spratt v. Leinster*, No. 06-cv-01526-WDM-KLM, 2007 WL 2412826, at *1 (D. Colo. Aug. 21, 2007) (denying § 13-17-102 motion filed during the pendency of the case for failure to comply with Rule 11 safe harbor provision); *Wind v. Aegis Sec. Ins. Co.*, No. 06-cv-01811-EWN-BNB, 2007 WL 2045504, at *1 n.1 (D. Colo. July 10, 2007) (noting that motion under § 13-17-102 was untimely under Rule 11); *McCoy*, 965 F. Supp. at 35 (denying motion brought under Rule 11 and Colorado statute because "the 'safe-harbor' provision of Rule 11 controls"); *see also In re Johnson*, 485 B.R. 642, 649 (Bankr. D.

---

[7]The Tenth Circuit has not explicitly decided this issue and, in *Lorillard Tobacco Co. v. Engida*, 611 F.3d 1209 (10th Cir. 2010), the court analogized § 13-17-102 with Rule 11 in overturning an award of fees under the Colorado statute. *Id.* at 1221-22. However, compliance with Rule 11's safe harbor provision was not discussed. *See id.* at 1217-22.

Case 1:13-cv-00669-PAB-KMT   Document 83   Filed 03/27/14   USDC Colorado   Page 10 of 10

Colo. 2013) (finding that Bankruptcy Rule 9011 preempted § 13-17-102). Because the Colorado statute does not contain a similar safe harbor provision, the Court finds that a true conflict exists between Rule 11's safe harbor provision and § 13-17-102. *See Tolliver*, 636 F.3d at 1277. Defendants do not dispute that they failed to comply with Rule 11(c). Under the circumstances, the Court finds that Rule 11 preempts § 13-17-102 and will deny that part of defendants' motions for an award of attorneys' fees based on the state statute.

### III. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Defendants Kennedy Childs, P.C. and Daniel McCune, Esq.'s Motion for Attorneys' Fees Pursuant to Colo. Rev. Stat. § 13-17-102 and 28 U.S.C. § 1927 [Docket No. 71] is **DENIED**. It is further

**ORDERED** that Defendants Laura E. Shapiro and Law Offices of Laura E. Shapiro P.C.'s Motion for Attorney Fees Pursuant to § 13-17-102, C.R.S. and 28 U.S.C. § 1927 [Docket No. 72] is **DENIED**.

DATED March 27, 2014.

BY THE COURT:

  s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge